# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

SHARON SLOAN NEUMANN,          )
    Plaintiff,          )
              )
v.          )          No.  3:10-CV-15
              )          (Phillips)
VANDERBILT MORTGAGE AND          )
FINANCIAL, INC.,          )
    Defendant.          )


## MEMORANDUM AND ORDER


Plaintiff Sharon Sloan Newmann, acting *pro se*, has sued her former employer Vanderbilt Mortgage and Financial, Inc., alleging she was terminated from her employment with Vanderbilt for exercising her rights under the Family and Medical Leave Act, and under the Tennessee Human Rights Act.  This matter is before the court on the defendant's motion to dismiss plaintiff's claim for age discrimination [Doc. 3].  In support of the motion, defendant states that plaintiff has made no factual assertions that would entitle her to relief under her claim for age discrimination.  Plaintiff has failed to respond to defendant's motion to dismiss, and pursuant to LR 7.2, her failure to respond will be deemed a waiver of any opposition to the relief sought.


Defendant has brought this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6)  provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion

to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* "Legal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To survive a motion to dismiss, the "factual allegations contained in the complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). This "does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, "to state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.*

It is a discriminatory practice under the Tennessee Human Rights Act for an employer to "fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin. Tenn. Code Ann. § 4-21-401(a). In order to state a claim for age discrimination,

2

plaintiff must allege that (1) she was a member of the protected class; (2) she was discharged; (3) she was qualified for the position; and (4) she was replaced by a younger person. *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 69 (6th Cir. 1982).[1]

As it relates to her age discrimination claim, plaintiff's complaint states the following facts:

1.     Plaintiff Sharon Sloan Newmann is a female citizen of the United States and a resident of the State of Tennessee. At all times relevant, plaintiff was over the age of forty. . . .

4.     During her employment with defendant, plaintiff was a model employee and received many favorable job evaluations.

5.     During her employment, plaintiff exercised her right to request a leave of absence under the Act from October 1, 2007 through November 12, 2007 and from November 12, 2008 through approximately November 17, 2008.

6.     On December 2, 2008, approximately two weeks after plaintiff's return to work, plaintiff was called into her supervisor's office and told to resign or be terminated. When plaintiff asked the reason for this action, she was told it was because of unsatisfactory job performance.

7.     This reason was false and pretextural.

8.     Plaintiff avers she was terminated for exercising her rights under the Act and/or because of her age.

9.     As a proximate result of defendant's unlawful termination, plaintiff has suffered lost wages and benefits, financial injury, physical injury, actual damages, humiliation and embarrassment and mental and emotional distress.

---

[1] Tennessee courts have held that the Tennessee Human Rights Act is to be interpreted coextensively with the Age Discrimination in Employment Act. *Parker v. Warren County Utility Dist.* 2 S.W.3d 170, 172 (Tenn. 1999).

10.    The actions of defendant were willful, intentional, malicious and in violation of plaintiff's clearly established rights.

Because plaintiff is *pro se*, her complaint is to be construed by "less stringent standards than formal pleadings drafted by lawyers."  *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003).  However, even under this less stringent standard, the court does not have to "accept as true legal conclusions or unwarranted factual inferences."  *Id.*  Plaintiff has made no factual assertions whatsoever that would enable her to establish that her termination was because of her age.  Accordingly, the court **GRANTS** defendant's motion to dismiss plaintiff's age discrimination claim [Doc. 3].  Plaintiff's claim for age discrimination against defendant is hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge